LINIA BARBOUR, *Appellee*, v. THE CITY OF ROSEDALE, *Appellant*.

No. 16,402.

1. PERSONAL INJURIES—*Permanency—Construction of Pleadings.* An allegation in a petition that the plaintiff did not believe she would ever recover from her injuries held equivalent to saying that the injuries were permanent.

2. —————— *Permanent Injuries—Evidence—Presumption on Review.* It was held that where the evidence in a personal-injury case does not show permanent injuries it will not be inferred that the jury allowed for such injuries.

Appeal from Wyandotte court of common pleas; RICHARD J. HIGGINS, judge. Opinion filed March 12, 1910. Affirmed.

*S. R. Williamson,* and *Theophilus L. Carns,* for the appellant.

*Philip Erhardt,* for the appellee.

*Per Curiam:* The statement in the petition that the plaintiff did not believe she would ever recover from her injuries was equivalent to saying that the injuries

were permanent. It was a question for the jury whether the injuries described would be lasting. To the mind of the court, as it reads the record, it seems quite doubtful whether an inference of permanency could be drawn. Concede that it could not legitimately be done: it does not follow that the defendant was prejudiced by the instruction authorizing the jury to allow for permanent injuries if any such were proved. The natural and logical conclusion is the jury did not allow for anything unproved. It devolves upon the defendant to make the contrary appear affirmatively. The case was one for substantial damages. Pain and suffering were involved, and the jury was the judge of what sum would be adequate compensation. The verdict is small enough that the court would not set it aside if damages for permanent injuries had been expressly excluded. The defendant can point to nothing else to show that its substantial rights were infringed.

The petition referred to other internal injuries than those specified. The defendant itself opened the door to proof of such injuries. One of its expert witnesses, who was very uncandid on cross-examination, nevertheless admitted that the plaintiff's maladies would be aggravated by her fall. The court instructed the jury that it should allow compensation for physical pain and mental suffering resulting from the injuries complained of. Plainly the conditions which the defendant's witnesses disclosed were open to consideration by the jury.

The court instructed the jury on the right theory. The instructions refused were framed on the wrong theory. So far as the record shows the jury properly discharged its function, and the judgment is affirmed.